762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RUTH HUMPHREY, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5288
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and NEWBLATT, District Judge*.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from the judgment of the district court affirming a decision of the Secretary which denied plaintiff's application for social security disability benefits. At the time of the hearing before the administrative law judge the plaintiff was 53 years old and claimed that she was disabled by reason of a back injury and lung problems. She testified that because of pain and the effect of medication she would not be able to do work on a regular basis and in fact she was required to lie down and rest frequently. She related her alleged disability to a fall suffered at work on October 10, 1980.
 
 
 2
 Medical evidence supported a finding that plaintiff suffers from chronic lower back pain caused by an abnormality in the lumbar area. The only pulmonary study submitted by the plaintiff indicated that her lungs were normal. The administrative law judge found that plaintiff was unable to perform her previous work because of chronic lower back pain which prevented her from lifting more than 20 pounds occasionally or more than 10 pounds frequently and which therefore prevented more than occasional bending, stooping or overhead reaching. On the basis of the medical evidence the administrative law judge found that plaintiff's testimony of disabling pain was not credible and that she had the residual capacity to perform 'light work.' This became the decision of the Secretary which the district court affirmed.
 
 
 3
 On appeal the plaintiff contends that the finding that she was not disabled is not supported by substantial evidence and that the Secretary erroneously applied the 'grid' in this case. Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the decision of the Secretary is supported by substantial evidence and that the district court did not err in affirming it. Though there was conflict in the medical evidence, Dr. Bobo, who examined and treated plaintiff on several occasions, found that she should be able to perform activities requiring mostly sitting with occasional standing and walking and working with weights of 20 pounds or less. The administrative law judge was entitled to rely on this evidence, particularly in view of the fact that no other examining or treating physician contradicted Dr. Bobo, and to conclude from it that the plaintiff retained the physical capacity to perform light work. Further, the administrative law judge was not required to credit plaintiff's testimony concerning pain in view of the fact that none of the examining or treating physicians gave evidence of a condition which would result in pain so pervasive as to be disabling.
 
 
 4
 We also conclude that the evidence, particularly that of Dr. Bobo, provided a proper basis for application of the grid in place of vocational expert testimony.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 6
 Jones, dissenting.
 
 
 7
 The ALJ's determination that Humphrey was capable of performing light work is not supported by substantial evidence. He based this conclusion upon findings that Humphrey's impairment does not prevent her from performing (1) work not requiring lifting and carrying more than 20 pounds occasionally to 10 pounds frequently, or (2) work not requiring more than occasionally bending, stooping, or reaching overhead. A job is in the category of 'light work', however, 'when it requires a good deal of walking or standing.' 20 C.F.R. Sec. 404.1567(b). This third component of light work is independent of both the weight criterion and the arm and leg manipulation criteria. To be considered capable of performing a full or wide range of light work, a claimant 'must have the ability to do substantially all of these activities.' 20 C.F.R. Sec. 404.1567(b). The ALJ did not find that Humphrey was capable of light work requiring a good deal of walking or standing. There is a good reason for this omission. No evidence supports a finding that Humphrey was capable of such work; therefore, the ALJ's determination that Humphrey was capable of light work is fatally flawed.
 
 
 8
 Dr. Bobo was Humphrey's treating physician on a monthly basis for eight months following her back injury. His reports are detailed, consistent with one another, and uncontradicted by other medical evidence or lay testimony. In July 1981, Dr. Bobo reported that Humphrey's physical condition would not improve. Humphrey testified at the hearing that her condition had not improved. Dr. Bobo concluded that while Humphrey could not undertake activities requiring lifting of weights over 20 pounds, or requiring frequent, beinding, or stooping, she could 'perform activities requiring mostly sitting with occasional standing and walking and working with weights of 20 pounds or less.' (Emphasis added).
 
 
 9
 Dr. Bobo's evaluation of Humphrey's capacity confirms that she is at most capable of sedentary work. 20 C.F.R. Sec. 404.1567(a) defines sedentary work, in relevant part, as follows:
 
 
 10
 Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 11
 (Emphasis added). If Humphrey is only capable of sedentary work, application of this finding combined with her advanced age, limited education, and lack of transferable skills results a determination under the grid that she is disabled. See 20 C.F.R. Supbart P, Appendix 2, Table 1, 2. The ALJ's finding is not supported by substantial evidence. Properly viewed, the most persuasive evidence in the record supports a finding that Humphrey is disabled. I would remand for an award of benefits.
 
 
 
 *
 The Honorable Stewart A. Newblatt, Judge, United States District Court for the Eastern District of Michigan, sitting by designation